UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLIER COUNTY SHERIFFS OFFICE,

    Plaintiff,

v.                                                   Case No:  2:12-cv-533-FtM-29SPC

NEW WORLD SYSTEMS
CORPORATION,

    Defendant.
_____/

# **ORDER**

This matter comes before the Court on a Joint Motion To Suspend The Setting Of Case Management Dates (Doc. #17) filed on October 23, 2012. In the instant action, Plaintiff, the Collier County Sheriff's Office ("CCSO"), filed a breach of contract claim against the Defendant (Doc. #1) on September 26, 2012. The contract on which CCSO bases its complaint, however, contains a Dispute Resolution Procedure ("DRP") clause. (Doc. #17, p. 1). In pertinent part, the clause provides that:

> Any dispute or controversy arising out of or relating to this Agreement, or breach thereof, shall be settled by the following procedure:
>
> Level 1: Before entering into Level 2 or Level 3 of the Dispute Resolution Procedure (DRP), the Customer shall enter into a series of management meetings for the purpose of resolving the dispute or controversy through normal business management practices. The series of meetings, consisting of not less than three-face-to-face meetings, must be held between upper-level managers of both [the Collier County Sherriff's Office] and New World. Both parties agree to put forth their best efforts in these meetings. The first meeting shall be held at [the Collier County Sherriff's Office] offices and subsequent meetings will alternate between New World and [the Collier County Sherriff's Office] offices. The Level1 period shall begin when one party gives notice to the other by certified mail that it is entering into this Level 1procedure to resolve the dispute.
>
> Level 2: Only after the parties have completed Level 1 of the DRP without resolving the dispute or controversy and before entering into Level 3 of the

> DRP, the Customer and New World shall enter into a mediation process. Each party shall bear its own costs in preparing for and conducting mediation, except that joint costs, if any, of the actual mediation shall be shared by the parties….
>
> Level 3: Only after the completion of both Levels 1 and 2 above without a satisfactory resolution of the dispute or controversy, either party may bring suit in the United States District Court for the Middle District of Florida….

(Doc. #1, Ex.3 p. 7-8) (emphasis omitted).

Defendant, based on this clause, filed a Motion to Dismiss Or, In the Alternative, a Motion to Stay (Doc. #4) on October 2, 2012. In support of its Motion to Dismiss, Defendant argues that because CCSO failed to comply with the DRP clause, it failed to state a claim for relief because all conditions precedent to the action have not been satisfied. Courts have the inherent authority to issue a stay in many proceedings. Advanced Bodycare Solutions, LLC v. Thione Intern., Inc., 524 F.3d 1235, 1241 (11th Cir. 2008). Pursuant to this inherent authority, Courts have the discretion to grant a stay to permit or require mediation. Ortega Trujillo v. Conover & Co. Communications, Inc., 221 F.3d 1262 (11th Cir. 2000). The Eleventh Circuit encourages district courts to "liberally employ" mediation to expedite litigation of a case. Advanced Bodycare Solutions, LLC, 524 F.3d at 1241. Here, the Court, based on the instant motion, and in furtherance of the spirit of promoting alternative dispute resolution methods to expedite litigation, will stay litigation until December 31, 2012, to allow the Parties to satisfy the DRP. See Advanced Bodycare Solutions, LLC, 524 F.3d at 1241 (noting that district courts should liberally employ mediation to expedite the resolution of cases). During this time, the Parties should take steps toward satisfying the DRP.

Accordingly, it is now

**ORDERED:**

The Parties' Joint Motion To Suspend The Setting Of Case Management Dates (Doc. #17) is **GRANTED**.

1. The Court shall **STAY** litigation up to and including **December 31, 2012**. During this time, the Parties are encouraged to complete the DRP clause contained in their contract.

2. At the end of this time-period, the Parties should file a written status with this Court detailing their progress and whether or not the DRP has been completed.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of November, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record